FILED
May 10, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002621194

Law Offices of Peter L. Fear
Peter L. Fear, No. 207238
Gabriel J. Waddell, No. 256289
7750 North Fresno Street, Suite 101
Fresno, California 93720
(559) 436-6575
(559) 436-6580 (fax)
pfear@fearlaw.com

Attorney for GOMES,
  Debtor

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| In re: | Case No. 10-14797-B-12 |
| JOSE LOPES GOMES, and<br>CAMILA GOMES,<br>d/b/a JOSE GOMES & FAMILY DAIRY | Chapter 12<br><br>D.C. No. PLF-1 |
| Debtor(s). | **Emergency Hearing**<br>Date: May 13, 2010<br>Time: 3:00 PM<br>Place: Dept. B, Ctrm. 12, 5th Floor<br>      United States Courthouse<br>      2500 Tulare St., Fresno, California<br>Judge: Hon. W. Richard Lee<br><br>**Final Hearing**<br>Date: June 10, 2010<br>Time: 3:00 PM<br>Place: Dept. B, Ctrm. 12, 5th Floor<br>      United States Courthouse<br>      2500 Tulare St., Fresno, California<br>Judge: Hon. W. Richard Lee |

**MOTION FOR AUTHORITY TO USE CASH COLLATERAL**

TO THE HONORABLE W. RICHARD LEE, JUDGE OF THE UNITED STATES BANKRUPTCY COURT:

JOSE LOPES GOMES and CAMILA GOMES, d/b/a Jose Gomes & Family Dairy, Debtors herein (hereinafter collectively "Debtor"), hereby move this Court seeking an Order approving the use of cash collateral as follows:

**Summary of Relief Requested**

The grounds for this Motion are that the cash collateral sought to be used constitutes Debtor's funds to feed the Debtor's cows, pay Debtor's employees and suppliers and otherwise continue the business and preserve the value of the estate's assets. Unless the Court permits use of the cash collateral, the Debtor will be unable to continue the Debtor's dairy business. The Debtor immediately needs the use of the cash collateral to maintain the reorganization process. Any inability to maintain ongoing services will affect the value of the estate, which will create immediate and irreparable problems for the Debtor and Creditors.

The cash collateral stems from a security interest in milk, milk products, livestock, feed inventory, and equipment now owned or hereafter acquired, all accounts and general intangibles now outstanding or hereafter arising, and all cash and noncash proceeds of any of the foregoing of the Debtor.

Pursuant to Bankruptcy Rule 4001(d)(1), this Motion has been served by mail on all creditors claiming an interest in cash collateral, all secured creditors, the Debtor, the taxing agencies required by LBR 2002-1, the U.S. Trustee's Office, and any and all persons who have requested special notice by filing the appropriate documents with the Bankruptcy Court.

The Motion is based upon the Notice of Motion and Declaration of Elizabeth Gomes Rizo, the files, pleadings and orders on file on this Chapter 12 case, such other and further evidence as may properly come before the court, and the following points and authorities:

**Statement of Facts**

1. Debtor is a sole proprietorship and is involved in the dairy business.

2. The affected secured creditors are WALTER H. JENSEN CATTLE CO., INC. (hereinafter "Jensen") and ASSOCIATED FEED & SUPPLY CO. (hereinafter "AFS") (Jensen and AFS are collectively referred to hereinafter as "Secured Creditor") have security interests in milk, milk products, livestock, feed inventory, and equipment now owned or hereafter acquired, all accounts and general intangibles now outstanding or hereafter arising, and all cash and noncash proceeds of any of the foregoing of the Debtor.

3. Jensen's UCC-1 was the first recorded and Jensen is owed approximately $908,000 in total. Jensen is only partially secured due to the value of Debtor's personal property. AFS is owed approximately $17,482.77, none of which is secured due to the value of Debtor's personal property.

4. In order to continue to operate pending Plan Confirmation, Debtor needs to have use of cash collateral. Debtor's proposed monthly budget is included in the declaration of Elizabeth Gomes Rizo in Support of Motion for Authority to Use Cash Collateral. This budget is believed to be an accurate depiction of the anticipated revenues and expenses for the subject period.

5. Through the Motion, Debtor seeks authority to use cash collateral of Secured Creditor as described above. Debtor seeks authority to use the cash collateral to provide Debtor with the funding needed to operate and maintain the business and pay critical expenses during the pendency of the Chapter 12 case. In order to maintain and preserve the going concern value of the business, it is critical that there be no disruption in operations. Debtor has been unable to obtain financing with unsecured credit pursuant to Bankruptcy Code Section 364(a) or (b) allowed as an administrative expense under Bankruptcy Code

Sections 503(b)(1), or secured credit pursuant to Bankruptcy Code Section 364(c), or on more favorable terms from any other sources.

6. Denial of the Motion does not benefit any creditor constituency but would cause significant harm to the business operations as the uses will fund the reorganization process.

7. Debtor requests that the Court authorize use of cash collateral for the subject period, which funds constitute cash collateral of the Secured Creditor, to pay liquidation expenses, operate the business, and otherwise continue business operations as set forth in the budget.

8. Pursuant to Bankruptcy Code Sections 361 and 363, as adequate protection for the decline and value of the Secured Creditor's collateral resulting from such use, Debtor will provide the Secured Creditor with a replacement lien.

9. By this Motion, Debtor seeks to grant replacement liens to the extent cash collateral is actually used. Debtor is unaware of any other creditors having liens or security interest in the subject cash collateral; however, Debtor seeks authority to use collateral of any such creditor, if any, provided the creditor was served with notice of this Motion. Debtor alleges that the requested use of cash collateral is for and in the best interests of the estate.

**Discussion**

10. The Debtor's use of property in the Chapter 12 bankruptcy estate is governed by Section 363 of the Bankruptcy Code. Section 363(c)(1) provides in relevant part:

> If the business of the debtor is authorized to be operated under section 721, 1108, 1203, 1204, or 1304 of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

11. Section 363(c)(2) establishes a special requirement, however, for the use of cash collateral. Cash collateral is defined as "cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest…" 11 U.S.C. § 363(a). Section 363(c)(2) permits the use of cash collateral under subsection (c)(1) only if one of two alternative circumstances exist:

(A) each entity that has an interest in such cash collateral consents; or

(B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

In accordance with Rule 4001(d)(1), the Debtor has served the Motion on all creditors claiming an interest in cash collateral, all secured creditors, the Debtor, the taxing agencies required by LBR 2002-1, the U.S. Trustee's Office, and any and all persons who have requested special notice by filing the appropriate documents with the Bankruptcy Court. Under the circumstances, it is submitted that the notice with respect to this Motion is proper, and the court should approve the requested use of cash collateral.

**Conclusion**

WHEREFORE, the Debtor respectfully requests the entry of an order: (i) approving the use of cash collateral on an interim basis at the initial hearing; (ii) approving the use of cash collateral on a final basis at a hearing to be scheduled; (iii) authorizing the use of cash collateral on terms prescribed by the Court, and (iv) granting such other and further relief as this court deems just and proper.

Date: 5/10/2010                                LAW OFFICES OF PETER L. FEAR
                                               By:  /s/ Peter L. Fear
                                                    Peter L. Fear